UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHEILA ROBINSON,

      Plaintiff,

-against-

LARRY PAGE, et al.,

      Defendants.

18-CV-12233 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

  Plaintiff, appearing *pro se*, brings this action asserting claims under multiple federal statutes. Plaintiff purports to sue 97 defendants, but she has named only 33 defendants in the caption of her complaint. She seeks damages as well as preliminary and permanent injunctive relief. By order dated May 2, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

  The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff's complaint, which is 55 pages long, is difficult to understand. Plaintiff asserts claims against the defendants under multiple federal statutes, including the Racketeer Influenced and Corrupt Organizations Act ("RICO"), as well as various federal intellectual property protection and criminal statutes. Plaintiff is a resident of Albany, New York. She alleges that in 1997, she founded her business, Gorgeous Jeans International, as a sole proprietorship. She seems to allege that the defendants, which include celebrities, business leaders, and others, conspired to destroy her business by cybersquatting, infringing on her trademarks, falsely advertising their products, racketeering, defrauding others, and using unfair trade practices. Plaintiff asserts that her injuries total billions of dollars.[1]

Plaintiff also accuses at least some of the defendants of stalking her and of conspiring with the mayors of the towns where she has relocated, and with law enforcement officials, to harass her and to attempt to murder her. She further asserts claims against her landlord arising from his efforts to evict her from her apartment.

In addition to the monetary damages and permanent injunctive relief Plaintiff seeks in her complaint, in four separately filed submissions, she seeks preliminary injunctive relief. (ECF Nos. 3, 5-7.) Plaintiff asks the Court to enjoin the defendants from continuing to carry out their allegedly unlawful activities against her.

---

[1] Plaintiff refers to multiple exhibits, but she does not attach any exhibits to her complaint.

**DISCUSSION**

A. **Private prosecution**

To the extent that Plaintiff seeks to have the defendants criminally prosecuted, the Court must dismiss those claims. A private citizen cannot prosecute a criminal action in federal court. *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (prisoners lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). And because federal prosecutors possess discretionary authority to bring criminal actions, they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses Plaintiff's claims in which she seeks to criminally prosecute the defendants.

B. **Rules 8 and 20 of the Federal Rules of Civil Procedure**

The Court's "special solicitude" for *pro se* pleadings, *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994), has its limits, because *pro se* pleadings still must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, a complaint's statement of claim should not be prolix (lengthy) or contain unnecessary details. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (under Rule 8(a)(2), the statement of claim "should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'") (citation omitted); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (complaint did not comply with Rule 8 because "it contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension"); *see also The Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of*

*Operating Eng'rs Local 15, 15A, 15C & 15D, AFL-CIO v. Tightseal Constr. Inc.*, No. 17-CV-3670 (KPF), 2018 WL 3910827, at *12 (S.D.N.Y. Aug. 14, 2018) ("[C]ourts in this Circuit have dismissed complaints that are unnecessarily long-winded, unclear, or conclusory.")

Under the Rule 8 pleading standard, a complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* at 678. But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As set forth by the Supreme Court of the United States in *Iqbal*:

> the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id*. (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679. Under this "plausibility standard," unsupported statements do not suffice, *see id.* at 678, and a district court must consider the context and "draw on its judicial experience and common sense" to determine plausibility. *id.* at 679.

Under Rule 20(a)(2) of the Federal Rules of Civil Procedure, a plaintiff may join multiple defendants in one action if: (A) any right to relief is asserted against them jointly, severally, or, in the alternative, the right to relief arises out of a transaction, occurrence, or series of transactions involving all of the defendants; and (B) any question of law or fact common to all defendants

will arise in the action. *See* Fed. R. Civ. P. 20(a)(2). Although courts have interpreted Rule 20(a)(2) liberally to allow related claims to be tried within a single proceeding, *see Barr Rubber Products Co. v. Sun Rubber Co.,* 425 F.2d 1114, 1126-27 (2d Cir. 1970), "the mere allegation" that a plaintiff was injured by all of the defendants is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a), *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009).

Plaintiff's complaint and other submissions do not comply with Rule 8 because they are lengthy, include unnecessary and unimportant details, and lack sufficient relevant details to state a claim. In addition, Plaintiff's allegations appear to be implausible. And because Plaintiff's complaint and other submissions lack sufficient relevant details, Plaintiff has also failed to show why, under Rule 20, all of the defendants are properly joined.

The Court grants Plaintiff leave to file an amended complaint that complies with the standards of Rules 8 and 20. Plaintiff's statement of claim in her amended complaint must be short and plain – it must not be lengthy or include unimportant or unnecessary details. But Plaintiff's allegations must contain sufficient relevant details to state a plausible claim for relief against each defendant named in the amended complaint.[2] Plaintiff must also show that there is

---

[2] The civil provisions of RICO "create[] a private right of action for individuals to enforce the RICO statute." *Mathon v. Feldstein*, 303 F. Supp. 2d 317, 322 (E.D.N.Y. 2004). The civil enforcement provision of RICO provides that "[a]ny person injured in [her] business or property by reason of a violation of [18 U.S.C. § 1962] . . . may sue . . . in any appropriate United States district court and shall recover threefold the damages . . . ." 18 U.S.C. § 1964(c). In order to state a violation of § 1962, and thus, a civil RICO enforcement claim, a plaintiff must allege facts showing: "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983) (quoting § 1962(a)-(c)). She must also "allege that [s]he was 'injured in [her] business or property *by reason of* a violation of section 1962.'" *Id.* (quoting § 1964(c)) (italics in original). To state a civil RICO conspiracy claim under § 1962(d), a plaintiff must allege facts showing that

5

(A) a right to relief that she asserts against each named defendant jointly, severally, or, in the alternative, there is a right to relief arising out of the same transaction, occurrence, or series of transactions that involves each defendant; and (B) there is a question of law or fact common to all of the named defendants. *See Sellars v. Semple*, No. 3:17-CV-0706, 2017 WL 4765647, at *1 (D. Conn. Oct. 20, 2017) ("[T]he complaint contains an extraordinary level of factual detail that defies even the most generous interpretation of the requirements of Rule 8 . . . . Moreover, because the complaint joins many different claims against many different defendants and despite the fact that many of the claims are not factually related to one another, plaintiff must proceed in compliance with Rule 20 . . . . Because of these concerns . . . , if plaintiff wishes to proceed, he must first file an amended complaint . . . that set[s] forth a reasonably concise statement of the facts that give rise to any claims for relief and that join as defendants to [the] lawsuit only those defendants as to whom plaintiff's claims are factually related to another defendant.").

**C.    Leave to amend**

The Court grants Plaintiff leave to file an amended complaint. In its statement of claim, Plaintiff's amended complaint must provide a short and plain statement of the relevant facts supporting each claim against each named defendant. Plaintiff must also provide the address for each named defendant. To the greatest extent possible, Plaintiff's amended complaint must:

---

the defendants "agreed to form and associate themselves with a RICO enterprise and that they agreed to commit two predicate acts in furtherance of a pattern of racketeering activity in connection with the enterprise." *Cofacredit, S.A. v. Windsor Plumbing Supply Co.,* 187 F.3d 229, 244 (2d Cir. 1999). A plaintiff must further show that "if the agreed-upon predicate acts had been carried out, they would have constituted a pattern of racketeering activity." *Id.* at 244-45.

Plaintiff fails to allege any facts in her complaint that would support a civil RICO claim. If she wishes to assert such a civil RICO claim in her amended complaint, she must allege sufficient facts to state such a claim.

a)  give the names and titles of all relevant persons;

b)  describe all relevant events, stating the facts that support Plaintiff's case, including what each defendant did or failed to do;

c)  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d)  give the location where each relevant event occurred;

e)  describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f)  state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: *who* violated her federally protected rights; *what* facts show that her federally protected rights were violated; *when* such violation occurred; *where* such violation occurred; and *why* Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint. Plaintiff must not assert again, in her amended complaint, claims that the Court has dismissed in this order.

## CONCLUSION

The Court directs the Clerk of Court to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 18-CV-12233 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good

cause to excuse such failure, the Court will dismiss this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court denies Plaintiff's motions for preliminary injunctive relief without prejudice to Plaintiff's filing such motions again after Plaintiff has filed an amended complaint in compliance with this order.[3] (ECF Nos. 3, 5-7.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: May 17, 2019
New York, New York

_Louis L. Stanton_
Louis L. Stanton
U.S.D.J.

---

[3] To obtain preliminary injunctive relief, a plaintiff must show: (1) that she is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (internal quotation marks and citation omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted). Because Plaintiff's complaint and other submissions do not comply with Rules 8 and 20, Plaintiff has failed to show that she is eligible for preliminary injunctive relief. The Court therefore denies Plaintiff preliminary injunctive relief.