invaUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHEILA ROBINSON,

     Plaintiff,

   -against-

LARRY PAGE, et al.,

     Defendants.

1:18-CV-12233 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

  By order dated May 17, 2019, the Court granted Plaintiff, who appears *pro se* and proceeds *in forma pauperis*, leave to file an amended complaint. On July 18, 2019, Plaintiff filed an amended complaint. (ECF 12.) On that same date, she also filed a motion for a "permanent/preliminary injunction." (ECF 13.) And on September 3, 2019, she filed a motion for my recusal from this action. For the following reasons the Court denies Plaintiff's motions and dismisses this action.

## STANDARD OF REVIEW

  The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

In her original complaint, Plaintiff purported to sue 97 defendants, but named only 33 defendants in her original complaint's caption. In its May 17, 2019 order, the Court noted that Plaintiff asserted "claims against the defendants under multiple federal statutes, including the Racketeer Influenced and Corrupt Organizations Act ("RICO"), as well as various federal intellectual property protection and criminal statutes." (ECF 10, p. 2.) The Court also mentioned Plaintiff's allegations:

> that in 1997, she founded her business, Gorgeous Jeans International, as a sole proprietorship. [T]he defendants [in her original complaint], which include[d] celebrities, business leaders, and others, conspired to destroy her business by cybersquatting, infringing on her trademarks, falsely advertising their products, racketeering, defrauding others, and using unfair trade practices. Plaintiff assert[ed] that her injuries total billions of dollars.
>
> Plaintiff also accuse[d] at least some of the defendants of stalking her and of conspiring with the mayors of the towns where she ha[d] relocated, and with law enforcement officials, to harass her and to attempt to murder her. She further assert[ed] claims against her landlord arising from his efforts to evict her from her apartment.

(*Id.*)

The Court dismissed those claims in which Plaintiff sought to have the defendants criminally prosecuted. (*Id*. at p. 3.) The Court also found that Plaintiff's original complaint and other submissions did not comply with the pleading standard under Rule 8 of the Federal Rules of Civil Procedure, "because they [were] lengthy, included unnecessary and unimportant details, and lack[ed] sufficient relevant details to state a claim." (*Id.* at p. 5.) The Court further found Plaintiff's allegations to be implausible. (*Id.*) Moreover, the Court found that Plaintiff had failed

2

to show why, under Rule 20 of the Federal Rules of Civil Procedure, all the defendants were properly joined. (*Id.*)

In her amended complaint, Plaintiff names 106 individual as defendants. The named defendants include celebrities, business leaders, politicians, and others.[1] Plaintiff's allegations and claims are similar, if not identical, to those she asserted in her original complaint. She seeks damages as well as injunctive relief. In her motion for a "permanent/preliminary injunction," she seeks immediate preliminary and permanent injunctive relief that is analogous to the injunctive relief she seeks in her amended complaint. (ECF 13.)

Plaintiff has also filed a motion for my recusal from this action. (ECF 15.) She asserts that I have "deliberately violated [her] right to due process and equal protection [by] making outrageous and false and prejudice[d] and biased statements against [her] . . . ." (*Id.*)

## DISCUSSION

### A. Recusal motion

A judge is required to recuse himself from "any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance . . . [and] recusal [i]s required whenever 'impartiality might reasonably be questioned.'" *Liteky v. United States*, 510 U.S. 540, 548 (1994) (quoting § 455(a)). If "an objective, disinterested observer fully informed of the underlying facts . . . entertain[s] significant doubt that justice would be done absent recusal," recusal is warranted. *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted).

---

[1] On September 3, 2019, the Court also received a letter from Plaintiff informing the Court that she erroneously referred to one of the defendants named in her amended complaint as "Kyle Kardashian" instead of "Kyle Jenner." (ECF 16.)

The showing of personal bias to warrant recusal must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). And "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (citation omitted); *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of the plaintiff's recusal motion filed in an action where the District Judge had ruled against the plaintiff on all of his previous motions, the District Judge had previously been an Assistant District Attorney, and where the plaintiff had "speculated that the judge may have been acquainted with" the defendant, a police officer).

In rare circumstances, judicial "opinions formed by [a] judge on the basis of facts introduced or events occurring in the course of the [court] proceedings, or of prior proceedings," may be the basis of a recusal motion, but only if those opinions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

In its May 17, 2019 order, the Court dismissed Plaintiff's claims in which Plaintiff sought the criminal prosecution of the defendants, and it granted Plaintiff leave to file an amended complaint in compliance with the standards of Rules 8 and 20 of the Federal Rules of Civil Procedure. Plaintiff has filed an amended complaint. But in her recusal motion, Plaintiff accuses me of making "biased statements." (ECF 15.) She does not state, however, what those statements were or why they were biased. Plaintiff also accuses me of making statements about her "merit[]" and of "ignoring overwhelming evidence," as well as of "takin[g] upon [myself] to obstruct the pro[c]ess of the court[] and delay[] and obstruct any injuncti[ve] relief or due process to a trial by jury . . . ." (*Id.*)

4

Plaintiff alleges no facts suggesting that I have "displayed a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Any reasonable and objective observer would perceive that her dissatisfaction is only with the Court's rulings. If Plaintiff is dissatisfied with the Court's rulings, she is free to appeal them to the United States Court of Appeals for the Second Circuit. *See id.* (noting that "[a]lmost invariably, [judicial rulings] are proper grounds for appeal, not for recusal"). Accordingly, because there is no need for me to recuse myself from this action, the Court denies Plaintiff's recusal motion. (ECF 15.)

**B.     Plaintiff's amended complaint**

The Court must dismiss this action because, in her amended complaint, Plaintiff essentially repeats or expands upon the same errors she committed in her original complaint.

1.     Private prosecution

Plaintiff again seeks the criminal prosecution of at least some of the defendants. As the Court stated in its May 17, 2019 order, a private citizen, like Plaintiff, cannot seek such relief in a federal court; only a federal prosecutor can seek such relief. (*See* ECF 10, p. 3.) Thus, for the reasons discussed in the Court's May 17, 2019 order, the Court dismisses, for failure to state a claim on which relief may be granted, Plaintiff's claims in which she seeks the criminal prosecution of any of the defendants. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

2.     Rules 8 and 20

Like Plaintiff's original complaint, her amended complaint also fails to comply with the pleading standard under Rule 8 and the joinder standard under Rule 20. In its May 17, 2019 order, the Court discussed, in detail, what Plaintiff had to show in her amended complaint to satisfy those standards:

> Plaintiff's statement of claim in her amended complaint must be short and plain –
> it must not be lengthy or include unimportant or unnecessary details. But
> Plaintiff's allegations must contain sufficient relevant details to state a plausible

>claim for relief against each defendant named in the amended complaint. Plaintiff must also show that there is (A) a right to relief that she asserts against each named defendant jointly, severally, or, in the alternative, there is a right to relief arising out of the same transaction, occurrence, or series of transactions that involves each defendant; and (B) there is a question of law or fact common to all of the named defendants.

(ECF 10, p. 5-6.) (footnote and citation omitted). The Court also specified what Plaintiff had to plead in order to state a RICO civil enforcement claim and a RICO civil conspiracy claim. (*Id.* p. 5-6, n. 2.)

But Plaintiff's statement of claim in her amended complaint is lengthy and includes unimportant or unnecessary details. And it does not allege sufficient facts to state a plausible claim for relief. Moreover, it fails to show why all of the 106 named defendants are properly joined in this action. Plaintiff has thus repeated or expanded upon the errors she made in her original complaint. The Court therefore dismisses Plaintiff's remaining claims for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

## CONCLUSION

The Court directs the Clerk of Court to note service of this order on the docket.[2]

The Court denies Plaintiff's recusal motion. (ECF 15.)

The Court dismisses this action for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] Plaintiff has consented to electronic service of Court documents. (ECF 4.)

6

The Court therefore denies all other pending motions as moot, including Plaintiff's motion for immediate preliminary and permanent injunctive relief. (ECF 13.)

SO ORDERED.

Dated: September 25, 2019
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.